THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL SIMS, #B40009 **Plaintiff,** v. JEFFREY DANIELS, and NEIGHBORS, *Chief Engineer,* **Defendants.** | Cause No. 3:20-cv-00631-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Nathaniel Sims brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights occurring while at Shawnee Correctional Center ("Shawnee"). Sims claims that he was subjected to unconstitutional conditions of confinement when he was housed in a cell with no fresh air and high temperatures. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint

---

[1] The Court has jurisdiction to screen the Complaint in light of Sims's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Sims alleges that in November of 2018, he was housed at Shawnee in Housing Unit #2. (Doc. 1, p. 6). The Warden of Shawnee, Jeffrey Daniels, and the Chief Engineer, Neighbors, screwed shut the windows in the housing unit. (Doc. 1-1, p. 3). Because there was not a working air ventilation system, shutting the windows deprived Sims of fresh quality air, affecting his health and safety. Additionally, the heat was turned on for the winter, resulting in high temperatures of over eighty to ninety degrees. *Id.* at p. 4, 7, 10. Sims suffers from asthma, and the temperature in combination with the lack of quality air caused him breathing difficulties. *Id.* at p. 3; Doc. 1-3, p. 7. Sims remained in his cell and was subjected to these conditions for almost twenty three hours a day. *Id.* at p. 19. Daniels and Neighbors knew that Shawnee did not have working air vents and that by shutting the windows it would cause serious medical problems for any person with asthma. *Id.* at p. 8.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Eighth Amendment unconstitutional conditions of confinement claim against Daniels and Neighbors for housing Sims in a cell with the windows screwed shut, no ventilation, and high temperatures.

The parties and the Court will use this designation in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[2]

In order to plead that conditions of confinement violated the Eighth Amendment, a plaintiff must allege that the deprivation was "sufficiently serious" and that the defendants knew of and disregarded an excessive risk to the plaintiff's health or safety; in other words, the defendants must have acted with deliberate indifference. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

"Complaints of inadequate ventilation may state a claim for relief[.]" *Myrick v. Anglin,* No. 12-1074, 496 Fed. Appx. 670, 675 (7th Cir. Nov. 21, 2012). *See also Board v. Farnham,* 394 F.3d 469, 486 (7th Cir. 2005)(holding that the plaintiffs' allegations regarding inadequate ventilation was sufficient to constitute an objectively serious harm). Therefore, at this stage, Sims has successfully pled that the conditions he was housed in were sufficiently serious.

Sims has also sufficiently pled that Daniels and Neighbors were aware of the risk to his health and disregarded his safety. He alleges that Daniels knew that he had asthma because an inmate's medical history is reviewed by all chief administrative officers. (Doc. 1-1, p. 7). He also claims that Daniels and Neighbors knew about the conditions and the

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This includes Sims's claims for violations of 77 ILL. ADMIN. CODE §750. (Doc. 1, p. 6). "The violation of a state law is 'completely immaterial . . . of whether a violation of the federal constitution has been established.'" *Watford v. Pfister,* No. 19-3221, 811 Fed. Appx. 374, 376 (7th Cir. July 1, 2020)(quoting *Thompson v. City of Chi.,* 472 F.3d 444, 454 (7th Cir. 2006)).

effects on his health because of a grievance he submitted and grievances submitted by other inmates. (*Id.* at p. 13, 15; Doc. 1-4, p. 1). Because "deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it[,]" Count 1 survives preliminary review. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

## MOTION FOR APPOINTMENT OF COUNSEL

Sims has filed two motions asking the Court to recruit counsel on his behalf. (Doc. 5, 9). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Sims has not demonstrated reasonable efforts to obtain counsel or that he is incapable of representing himself at this time. Sims states that he has contacted one attorney who declined to represent him in this matter, and he includes a copy of the declination letter. (Doc. 9, p. 1, 3). However, contacting one attorney does not establish the reasonable effort needed before seeking assistance from the Court. Additionally, Sims has not included any information for why he believes he is incapable of litigating this action himself. Therefore, the requests for counsel are denied. Should Sims choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least two more attorneys regarding representation in this case; (2) include in the motion

the names and address of the attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against Daniels and Neighbors.

**IT IS FURTHER ORDERED** that the Motions for Appointment of Counsel (Doc. 5, 9) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Daniels** and **Neighbors** the following:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Sims. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Sims, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Sims, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Sims is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 11, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.01.11
12:29:57 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Sims is advised to wait until counsel has appeared for the defendants before filing any motions and to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Sims need not submit any evidence to the Court at this time, unless otherwise directed by the Court.